IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEMONSE RADLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:20-cv-00677 ) JUDGE RICHARDSON |
| METRO POLICE DEPARTMENT NASHVILLE, TN, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM OPINION**

Demonse Radley, a pre-trial detainee in the custody of DSCO-DDC 2nd in Nashville, Tennessee, has filed a pro se, in forma pauperis complaint under 42 U.S.C. § 1983 (Doc. No. 1) against "Metro Police Department Nashville, TN" and Eric Thomas, identified by Plaintiff as an officer of the "Metro Police Department," and a motion to appoint counsel (Doc. No. 3).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

### **I. PLRA SCREENING STANDARD**

Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id*. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id*. § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

A court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleadeFedd] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.  SECTION 1983 STANDARD

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III.  ALLEGED FACTS

According to the complaint, on August 13, 2019, Plaintiff was being pursued on foot by Officer Eric Thomas. Allegedly, Plaintiff thought a gunman was chasing him because Officer Thomas never identified himself as a police officer during the chase. Officer Thomas allegedly tased Plaintiff "without justifiable probable cause" and beat Plaintiff until he was unconscious while he was handcuffed. (Doc. No. 1 at 5). Allegedly, the Metro Police Department thwarted a proper investigation of the incident by claiming that, prior to initiating the foot chase, Officer Thomas knew Plaintiff had two warrants. The complaint alleges that in fact there were no warrants out on Plaintiff.

As a result of the incident, Plaintiff allegedly sustained a "cracked face upper left above bottom jawbone," facial fractures, swelling to his left eye, and cuts and abrasions to his entire body. (*Id*.) Allegedly, he had to make multiple trips to the hospital and to jail medical services to receive treatment for these injuries. He now allegedly has poor vision in his left eye.

## IV. ANALYSIS

The complaint alleges claims against two Defendants: the "Metro Police Department Nashville, TN" and Eric Thomas, identified by Plaintiff as an officer of the "Metro Police Department."

The Court presumes that, by naming the "Metro Police Department Nashville, TN," Plaintiff intended to sue the Metropolitan Nashville Police Department. However, a police or sheriff's department is not a "person" that can be sued under 42 U.S.C. § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10-cv-0496, 2010 WL 3341889, at **2-3 (M.D. Tenn. Aug. 25, 2010) (noting that "since *Matthews*, federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit" under Tennessee law, and therefore granting the motion to dismiss the Section 1983 claim against the Davidson County Sheriff's Office). Consequently, Plaintiff's Section 1983 claims against the Metropolitan Nashville Police Department must be dismissed for failure to state a claim upon which relief may be granted. These claims will be dismissed.

Next, the complaint names Metro Police Officer Eric Thomas as a Defendant in his individual capacity only. (Doc. No. 1 at 2). Plaintiff first alleges that Officer Thomas used excessive force when he tased and subsequently beat Plaintiff until he was unconscious while he was handcuffed. (Doc. No. 1 at 5) (alleging "police brutality").

According to the complaint, the incident in question occurred as Plaintiff was being detained by Officer Thomas, and thus Plaintiff was a pre-trial detainee at the time of the alleged use of excessive force by Officer Thomas. The legal status of an alleged victim of excessive force is significant because the conduct of the offending officer must be analyzed under the standard

appropriate to the applicable constitutional provision. *See Coley v. Lucas Cnty., Ohio*, 799 F.3d 530, 538-39 (6th Cir. 2015) ("The Supreme Court has recently clarified . . . that when assessing pretrial detainees excessive force claims we must inquire into whether the plaintiff shows 'that the force purposefully or knowingly used against him was objectively unreasonable.'") (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015)).

The Fourteenth Amendment's Due Process Clause protects a pre-trial detainee from the use of excessive force that amounts to punishment. *See Kingsley*, 576 U.S. 389, 397. A pre-trial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable in order to demonstrate that it was excessive in violation of the Fourteenth Amendment's Due Process Clause. *See id*. The inquiry is highly fact-dependent, and must take into account the "perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id*. It should also account for "the 'legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained,'" *id*., and defer when appropriate to "'policies and practices that in th[e] judgment' of jail officials 'are needed to preserve internal order and discipline and to maintain institutional security.'" *Id*. (quoting *Bell v. Wolfish*, 441 U.S. 520, 540 (1979)). The Court further instructs:

> Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id*. This list is not exclusive. *Kingsley* also reaffirms that pretrial detainees cannot be subjected to "the use of excessive force that amounts to punishment," *id*. (quoting *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)), precisely because they "cannot be punished at all," *id*. at 398.

Because the Fourteenth Amendment, like the Fourth Amendment, must look to whether the force used was objectively unreasonable, the inquiry in both contexts focuses on the force itself rather than the injury. A plaintiff may "allege use of excessive force even where the physical contact between the parties did not leave excessive marks or cause extensive physical damage." *Ingram v. City of Columbus*, 185 F.3d 579, 597 (6th Cir. 1999). "[T]he 'extent of the injury inflicted' is not 'crucial to an analysis of a claim for excessive force in violation of the Fourth Amendment.'" *Morrison v. Bd. of Tr. of Green Twp.,* 583 F.3d 394, 407 (6th Cir. 2009) (quoting *Baskin v. Smith*, 50 F. App'x 731, 737 n.2 (6th Cir. 2002)). Courts look instead to whether "gratuitous violence" has been inflicted. *Pigram ex rel. Pigram v. Chaudoin*, 199 F. App'x 509, 513 (6th Cir. 2006) (citing *Phelps*, 286 F.3d at 302). Even so, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment," and the same principle applies to the Fourteenth Amendment. *Graham*, 490 U.S. at 396.

Courts have held that throwing an unresisting, handcuffed arrestee to the floor and subsequently banging his head against the floor constitutes excessive force. *See e.g., Grawey v. Drury*, 567 F.3d 302 (6th Cir. 2009) (finding excessive force where officer pepper sprayed man who was never told he was under arrest; man also fled police but later put his hands against a wall "without any indication of resistance"); *Phelps v. Coy*, 286 F.3d 295, 301-02 (6th Cir. 2002); *Adams v. Metiva*, 31 F.3d 375, 385 (6th Cir. 1994) (holding that continuing to spray mace in the face of an incapacitated arrestee would constitute excessive force); *Dugan v. Brooks*, 818 F.2d 513, 516–17 (6th Cir. 1987) (holding that spontaneously striking an arrestee on the head, knocking him to the floor and causing serious injury, would violate his Fourth Amendment rights).

The Sixth Circuit has consistently found that there are many legitimate circumstances where an officer's use of a taser is constitutionally permitted. *See Goodwin v. City of Painesville*,

781 F.3d 314, 323 (6th Cir. 2015) ("Active resistance to an officer's command can legitimize an officer's use of a Taser.") (citing *Hagans v. Franklin Cty. Sherriff's Office*, 695 F.3d 505, 509 (6th Cir. 2012)); *see also Shreve v. Franklin County*, 743 F.3d 126, 135 (6th Cir. 2014) (finding that, in a Fourteenth Amendment excessive force case, summary judgment was proper for individual jail defendants who used a taser against the plaintiff because it was not established that the deputies' use of the taser was "conscience shocking"). However, it is clearly established that using a taser against a suspect who is not resisting arrest—whether or not the person had earlier resisted arrest—amounts to excessive force. *See Goodwin*, 781 F.3d 314, 327 (citing *Landis v. Baker*, 297 F. App'x 453, 463 (6th Cir. 2008)).

In light of the Fourteenth Amendment standard and Plaintiff's allegations, the Court finds that the complaint states colorable, non-frivolous excessive force claims under Section 1983 against Defendant Officer Thomas in his individual capacity. These claims will proceed for further development.

The complaint also alleges a claim of "due process" because Officer Thomas lacked probable cause to arrest Plaintiff. (Doc. No. 1 at 3). The Fourth Amendment to the United States Constitution requires that a law enforcement official have probable cause for an arrest. U.S. Const. amend. IV. Typically, "[a] false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff." *Voyticky v. Vill. of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005). The probable cause necessary to justify an arrest is defined as "whether at that moment the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [arrestee] had committed or was committing an offense." *Radvansky v. City of Olmsted*, 496 F.3d 609, 614-15 (6th Cir. 2007) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). The probable

cause determination is limited to the "totality of the circumstances" known to the officer at the time of arrest, including all facts known to the officer at the time. *Gardenhire v. Schubert*, 205 F.3d 303, 318 (6th Cir. 2000).

A facially valid arrest warrant issued by a magistrate provides a complete defense, *Voticky,* 412 F.3d 669, 677, unless the plaintiff establishes that the defendant police officer knowingly and deliberately, or with reckless disregard for the truth, made false statements or omissions that were necessary to the finding of probable cause for the warrant. *See Sykes v. Anderson*, 625 F.3d 294, 305–08 (6th Cir. 2010). In the context of a warrantless arrest, a police officer may be under some duty to make a reasonable investigation in determining whether adequate probable cause exists for an arrest. *See Gardenhire*, 205 F.3d 303, 328.

Here, the complaint alleges that Officer Thomas claimed to know of two warrants on Plaintiff but, according to the complaint, these warrants were not merely invalid but rather were actually nonexistent. The complaint further alleges that Officer Thomas did not identity himself as a police officer when attempting to arrest Plaintiff. For purposes of the initial screening required by the PLRA, the Court finds that the complaint states a non-frivolous Fourth Amendment false arrest claim under Section 1983 against Officer Thomas in his individual capacity. However, Plaintiff will bear the burden of supporting his allegations with evidence as this case progresses. Furthermore, the current record does not reveal whether Plaintiff has entered a plea of guilty to the crimes for which he was arrested.[1]

---

[1] Notably, it is clear under Sixth Circuit precedent that plaintiffs who have pled guilty and plaintiffs who have received judicial diversion are precluded from pursuing a Fourth Amendment claim for unlawful arrest. *See Wilson v. Johnson*, No. 3:04-CV-59, 2005 WL 2417057, *9 (E.D. Tenn. Sept. 30, 2005); *Walker v. Schaeffer,* 854 F.2d 138, 142-43 (6th Cir. 1988) (holding *nolo contendere* pleas made by plaintiffs in state court criminal proceedings preclude them from asserting in federal court that the officers lacked probable cause to arrest them); *Cunningham v. Sisk*, No. 1:01-CV-182, 2003 WL 23471541, *8 (E.D. Tenn. Dec.4, 2003), *aff'd*, 2005 WL 1285649 (6th Cir. May 18, 2005) (holding that plaintiff's Fourth Amendment claim for false arrest brought pursuant to Section 1983 was precluded, in light of the state court criminal proceedings in which plaintiff pled guilty, due to the applicability of the doctrine of defensive collateral estoppel).

## V. MOTION TO APPOINT COUNSEL

Plaintiff filed a motion seeking the appointment of counsel. (Doc. No. 3). He states that he is indigent and "unsophisticated" regarding the law. (*Id.* at 1). He further states that "there will be some sensitive issues, and medical investigations the Plaintiff can't possibly do while incarcerated." (*Id.*)

The Supreme Court has held that "an indigent's right to appointed counsel exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981). Thus, unlike criminal proceedings, there is no constitutional right to an appointed counsel in a civil action, such as this action. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), *aff'd*, 595 F.2d 1227 (6th Cir. 1979); *see Williamson v. Autorama, Inc.*, No. 91-5759, 947 F.2d 947 (6th Cir. 1991) (citing *Willett* favorably). The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993).

Plaintiff's lack of legal training and financial circumstances are typical to most pro se prisoner litigants. *See Debow v. Bell*, No. 3:10-cv-1003, 2010 WL 5211611, at *1 (M.D. Tenn. Dec. 15, 2010) (inmates are typically indigent and untrained, pro se litigants). It does not appear that either the factual or legal circumstances of this case are so complex as to constitute "exceptional circumstances" necessitating the appointment of counsel. Plaintiff has filed a complaint, an application to proceed in forma pauperis and supporting documents, and a motion seeking counsel. The Court finds that Plaintiff is effectively representing his own interests to date. *See, e.g., Flores v. Holloway*, No. 3:17-cv-00246, 2017 WL 2812908 at *2 (M.D. Tenn. June 29, 2017) (denying motion for the appointment of counsel when petitioner submitted a "lengthy petition" demonstrating his ability to litigate his case). Accordingly, the Court finds that the interests of justice do not require the appointment of counsel at this time. Plaintiff's motion to

appoint counsel (Doc. No. 3) therefore will be denied without prejudice. Plaintiff may renew this motion at a later time if the circumstances warrant.

## VI.  CONCLUSION

In summary, the Court has conducted the initial screening required by the PLRA and finds that the complaint states a Fourteenth Amendment excessive force claim and a Fourth Amendment false arrest claim under Section 1983 against Officer Thomas in his individual capacity. These claims shall proceed for further development of the record.

However, the complaint fails to state Section 1983 claims upon which relief can be granted against the Metropolitan Nashville Police Department. Therefore, those claims will be dismissed.

Plaintiff's motion to appoint counsel (Doc. No. 3) will be denied without prejudice to renew, if appropriate.

An appropriate Order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE